UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD TAYLOR, JR.,

    Plaintiff,

v.    CAUSE NO. 3:20-CV-711-DRL-MGG

DIANE THEWS *et al.*,

    Defendants.

## OPINION & ORDER

Leonard Taylor, Jr., a prisoner without a lawyer, filed a lawsuit alleging that he has been denied constitutionally adequate medical care for his inguinal hernia while housed at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

This is not the first time Mr. Taylor has filed a complaint alleging that the care he has received for his inguinal hernia while housed at Indiana State Prison was inadequate. In June 2018, Mr. Taylor filed a complaint alleging that he was diagnosed with an inguinal hernia in January 2018, that it had grown in size and was painful, and that he was told that he would be provided with a hernia belt but he did not received the belt. *Taylor v. Neal*, 3:18-CV-457-PPS-MGG (filed June 14, 2018). Mr. Taylor was granted leave to proceed against Ron Neal in his official capacity for injunctive relief for denying necessary medical care for his inguinal hernia, in violation of the Eighth Amendment. The hernia belt

was provided to Mr. Taylor, and Warden Neal moved to dismiss the case as moot. Mr. Taylor didn't respond to the motion, and the case was dismissed as moot on October 24, 2018.

In May 2019, Mr. Taylor filed a second lawsuit alleging that his hernia had again grown in size and was causing his right leg to swell. *Taylor v. Medical Staff*, 3:19-CV-357-JD-MGG (filed May 3, 2019). He requested medical attention for his condition in April and was given an injection for pain and swelling. He was also told that he would be seen by a doctor in the next few days, but eighteen days later, when he signed his complaint, he still had not been seen by a doctor, he said. The hernia belt that he had been provided was not working, and he had not been provided with ongoing pain medication. He was again granted leave to proceed against Ron Neal in his official capacity for injunctive relief for denying necessary medical care for his inguinal hernia, in violation of the Eighth Amendment. But, he was seen by medical providers twice in May 2019, was prescribed Tylenol on both occasions, and was instructed to continue wearing his hernia belt and avoid lifting anything over fifteen pounds. Because Mr. Taylor had received the relief he sought, Warden Neal moved to dismiss the case as moot. Mr. Taylor didn't respond, and the case was dismissed as moot on September 17, 2019.

Now Mr. Taylor alleges that he continues to have ongoing pain from his hernia. He indicates that he received a hernia belt in March 2020, but it isn't helping. He reports that he saw a doctor on June 16, 2020. The doctor told him that he would be given medication, but he has received no medication. He complains that he is charged a copay when he seeks care for this issue, though the Constitution doesn't require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). He completed a Request for Interview form on July 17, 2020, noting that he was not receiving pain medication and that he needed it. It is unclear who responded to the request for interview, but it indicates that Tylenol was ordered and that, if he continued to have problems, he could fill out a health care request form. It is unclear whether he sought additional care by filling out the health care request

form after he received that response. In his complaint, Mr. Taylor reports that he is having difficulty walking and standing at times. Mr. Taylor has sued two defendants: Diane Thews and "I.D.O.C. Division of Medical Clinical Healthcare Services." He seeks both monetary damages and injunctive relief in the form of surgery to repair his hernia.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd.").

Mr. Taylor has named Diane Thews as a defendant, but he doesn't mention her by name in the body of his complaint, and it is unclear if or how she was involved in denying Mr. Taylor care for his painful condition. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. It is possible that Diane Thews is the doctor that Mr. Taylor reports he saw on June 16, 2020, but even so, there are not facts before the court from which it can be inferred that Diane Thews was deliberately indifferent to Mr. Taylor's serious medical needs. The doctor that Mr. Taylor saw indicated

3

that he would receive medication for his pain, and there are no allegations that this doctor did anything to prevent Mr. Taylor from receiving the medication that was ordered. Thus, he may not proceed against her.

Mr. Taylor has also sued "I.D.O.C. Division of Medical Clinical Healthcare Services." To the extent he is suing the Indiana Department of Correction or a unit thereof, it is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here, so Mr. Taylor cannot proceed against the IDOC or any department thereof. To the extent he is attempting to sue the company that the IDOC contracts with to provide medical care, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Because Mr. Taylor's allegations appear to be based only on the poor decisions that medical staff made in connection with his care, he cannot proceed against this defendant.

While Mr. Taylor's complaint does not state a claim for monetary damages, Warden Ron Neal is ultimately responsible for ensuring that Mr. Taylor receives medical care that complies with the Eighth Amendment. Here, Mr. Taylor sought medical care for a painful condition, a medical provider determined that medication was warranted, he didn't receive the medication, he alerted staff to the problem, and still he did not receive the medication that was ordered. Thus, Warden Neal will be added as a defendant to this action so that Mr. Taylor can proceed against him in his official capacity

to the extent that he seeks injunctive relief in the form of constitutionally adequate medical care for his inguinal hernia.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden Ron Neal as a defendant;

(2) GRANTS Leonard Taylor, Jr. leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to receive constitutionally adequate medical care for his inguinal hernia, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES all other defendants;

(5) DIRECTS the clerk to request waiver of service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the request for waiver of service and complaint (ECF 1) to Warden Ron Neal;

(7) ORDERS Warden Ron Neal to file an affidavit or declaration with the court by **September 11, 2020**, explaining how he is satisfying his obligations under the Eighth Amendment to provide constitutionally adequate medical care for Leonard Taylor, Jr.'s inguinal hernia; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Ron Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 27, 2020                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court