UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD TAYLOR, JR.,

Plaintiff,

v.

CAUSE NO. 3:20-CV-711-DRL-MGG

RON NEAL,

Defendant.

OPINION AND ORDER

Leonard Taylor, Jr., a prisoner without a lawyer, is proceeding in this case on one claim: "against Warden Ron Neal in his official capacity for injunctive relief to receive constitutionally adequate medical care for his inguinal hernia, as required by the Eighth Amendment[.]" ECF 4 at 5. On December 14, 2020, Warden Neal filed a summary judgment motion arguing that Mr. Taylor did not exhaust his administrative remedies before filing suit. ECF 15. With the motion, Warden Neal provided Mr. Taylor the notice required by N.D. Ind. L.R. 56-1(f). ECF 17. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed over five months ago, but Mr. Taylor has not responded. The court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Mr. Taylor has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

> 1. At all times relevant to his complaint, Plaintiff was housed at Indiana State Prison. [ECF 24].
> 2. According to the complaint, Plaintiff has been diagnosed with a non-emergent inguinal hernia. [ECF 24; ECF 25 at 2].

3. Plaintiff was seen by his medical provider on June 16, 2020 regarding his hernia and was pr[e]scribed pain medication. [ECF 8-3 at 27-29; ECF 8-4 at ¶ 9]. Plaintiff was also pr[e]scribed a new hernia guard. [ECF 8-3 at 27-30; ECF 8-4 at ¶ 9].

4. At all times relevant to the complaint, ISP had a grievance program according to IDOC policy. [ECF 15-1 at ¶ 6].

5. The grievance procedure in place at all times relevant to Plaintiff's complaint is entitled Offender Grievance Process, Policy and Procedure 00-02-301 ("Offender Grievance Process"). The Offender Grievance Process was in effect from April 1, 2020 to August 30, 2020. [ECF 15-1 at ¶ 9; ECF 15-2].

6. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit. [ECF 15-1 at ¶ 10; ECF 15-2 at 3]. The three steps are as follows:

(1) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions;
(2) a written appeal to the Warden or his designee; and
(3) a written appeal to the Department Grievance Manager.
[ECF 15-1 at ¶ 10; ECF 15-2 at 3).

7. Successful exhaustion of the Offender Grievance Process requires an offender to timely complete all three steps. [ECF 15-1 at ¶ 10; ECF 15-2 at 3].

8. Offenders are made aware of the Offender Grievance Process during orientation and have continual access to the policy in the facility law library. [ECF 15-1 at ¶ 11].

9. Any grievances an offender may have "relating to the conditions of care or supervision within the Department," including "medical or mental health" care, can and must be grieved according to the procedures in the Offender Grievance Process. [ECF 15-1 at ¶ 13; ECF 15-2 at 3].

10. Because Plaintiff's claims against Defendants concern the provision of medical care while housed at ISP, Plaintiff was required to grieve his claims in accordance with the Offender Grievance Process. [ECF 1; ECF 15-1 at ¶ 13; ECF 15-2 at 3].

11. Each properly submitted Offender Grievance received at ISP is logged electronically, as outlined in the Offender Grievance Process. [ECF 15-1 at ¶ 18; ECF 15-2 at 10].

12. Plaintiff's History of Grievances indicates that he has successfully filed a formal grievance in the past. [ECF 15-3].

13. However, Plaintiff failed to successfully file a formal grievance regarding his allegations that he was not provided with adequate medical care after being seen by his medical provider on June 16, 2020 [ECF 15-3].

14. Since June 1, 2020, the Plaintiff has not submitted any grievance documents to the facility grievance specialist. [ECF 15-1 at ¶¶ 21-23].

ECF 16 at 2-3 (brackets in original).

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the undisputed facts show the claims raised in this lawsuit were grievable, and that Mr. Taylor did not file any formal grievances about the issues. As a result, Mr. Taylor did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 15);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Mr. Taylor.

SO ORDERED.

June 21, 2021　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　Judge, United States District Court